UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JIM PETROV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-3247 |
| ) | |
| UNNAMED PERSONS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court is Plaintiff Jim Petrov's ("Petrov") Complaint. For the reasons set forth below, Petrov's Complaint [#1] is DISMISSED WITHOUT PREJUDICE and his related Motion for Leave to Proceed In Forma Pauperis [#2] is denied as MOOT.

On September 21, 2010, Petrov filed his federal complaint in which he commented on, among other things, indigent private citizens, their lack of sufficient or adequate means to appeal to the federal courts for legal assistance, the role that speed plays in the resolution of legal issues, and the Sixth Amendment right to counsel. In the last paragraph of his Complaint, Petrov states that he is reserving the right to specify criminal allegations against unnamed parties. Ultimately, in his Complaint to the Court, Petrov advocates for the indigent petitioner and that such an individual deserves equal access to the federal courts and to professional, qualified legal assistance.

First, to the extent Petrov indicates that an indigent private citizen who wishes to pursue legal relief has inadequate options available and that justice should be available to all regardless of income bracket or social standing, there actually is a statutory provision responsive to that

allegation.  28 U.S.C. § 1915 is the provision available to those who would otherwise be unable to proceed with a suit in federal court where they cannot pay the fees or security to do so.  *See* 28 U.S.C. § 1915(a)(1).  In other words, Section 1915 is the mechanism available for indigent individuals who seek to obtain free access to the federal courts.  However, Section 1915 is only available to those who have a viable matter currently pending.  Here, Petrov's Complaint fails to name a defendant, and neither a cause of action nor a basis for federal jurisdiction are discernible from it.  Without such things listed, the Court cannot proceed.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 24 U.S. 506, 514 (1868)) (explaining that if a court does not have jurisdiction, it must dismiss the case); FED. R. CIV. P. 8(a) (providing that a pleading must contain a short and plain statement of the grounds for the court's jurisdiction and a short and plain statement of the claim to show the pleader is entitled to relief).  Hence, Petrov cannot avail himself of Section 1915 in the instant proceeding.

Also, to the extent Petrov indicates that he may later specify criminal allegations against certain parties, he cannot as a private citizen pursue such allegations in a complaint to this Court. The United States Supreme Court has explained that, "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (noting that the court was unaware of any authority permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court and that allowing such a thing would lead to circumvention of legal safeguards for those accused of crimes); *Pugach v. Klein*, 193 F.Supp. 630, 635 (S.D.N.Y. 1961) (explaining that "federal courts are powerless to interfere" with the discretionary power of the United States

Attorney and that private citizens do not have residual power to "take law enforcement into their own hands when the United States Attorney does not prosecute"). Generally, only the United States Attorney can initiate criminal proceedings in federal court. *See Keenan*, 328 F.2d at 611; *Kunzer v. Magill*, 667 F.Supp. 2d 1058, 1061 (D.Minn. 2009) (". . . private citizens generally have no standing to institute federal criminal proceedings"). Accordingly, Petrov's Complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, Petrov's Complaint [#1] is DISMISSED WITHOUT PREJUDICE and his related Motion for Leave to Proceed In Forma Pauperis [#2] is denied as MOOT.

ENTERED this 29th day of September, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
